```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-20019-Civ-King
                                      (07-20523-Cr-King)
                              MAGISTRATE JUDGE P. A. WHITE

FRANCES CHERFILS,         :

      Movant,             :

v.                        :         REPORT OF
                                    MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :

      Respondent.         :
_____
```

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for conspiracy to possess with intent to distribute cocaine base and cocaine, entered following a guilty plea in case no. 07-20523-Cr-King.

The Court has reviewed the motion (Cv-DE#1), memorandum of law (Cv-DE#2), the government's response (Cv-DE#7), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's argument liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant, in his **sole claim**, appears to argue the District Court violated his Due Process Rights when it increased his criminal history points based on two prior withheld adjudications by the state court. (Cv-DE#1:5;Cv-DE#2).

The procedural history of the underlying criminal case reveals

1

that the movant was charged by indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§841 and 846 (Count One); possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§841 and 846 (Count Two), along with a forfeiture claim. (Cr-DE#6).

Thereafter, on January 3, 2008, the movant pleaded guilty to Count One of the indictment (Cr-DE#26) pursuant to the plea agreement with the government. (Cr-DE#27).

A PSI was prepared in anticipation of sentencing. According to the PSI, where there are multiple transactions or multiple drug types, the quantities of drugs are to be added. (PSI¶12). In this case, the offense involved 2 ounces of cocaine and 1/4 ounce of cocaine base. (<u>Id.</u>). Accordingly, the movant is responsible for the equivalent of 123.4 kilograms of marijuana. (<u>Id.</u>).

The probation officer further determined that an offense involving possession with intent to distribute at least 100 kilograms but less than 400 kilograms of marijuana has a base offense level of 26. (PSI¶13). However, because the movant clearly accepted responsibility for his offense, his base offense level was reduced three levels. (PSI¶¶20-21). Accordingly, his total base offense level was 23. (PSI¶22).

Moreover, the probation officer further determined the movant had a total of nine criminal history points and a criminal history category of IV. (PSI¶41). Based on a total offense level fo 23 and a criminal history category of IV, the guideline imprisonment range was 70 to 87 months. (PSI¶95).

On March 13, 2008, the movant appeared for sentencing, wherein the court sentenced him to 70 months imprisonment, followed by 5 years of supervised release and special assessment of $100. (Cr-DE#29). The judgment was entered by the Clerk on March 17, 2008. (Cr-DE#30). It appears from the record the movant did not file a notice of appeal.

After judgment was entered and after filing his §2255 motion, the movant filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. §3582. (Cr-DE#45). On February 2, 2009, the District Court granted the order and reduced the movant's original sentence of 70 months to the statutory mandatory minimum of 60 months imprisonment. (Cr-DE#47). Thus, for purposes of a final judgment, the judgment of conviction in the underlying criminal case became final at the latest on February 17, 2009, ten days after the entry of judgment, when time expired for filing a notice of appeal.[1] This motion to vacate was filed timely filed.

First, it should be noted that the movant's claim, could have been, but was not raised on direct appeal. Because the claim was not raised on direct appeal, it is procedurally barred from review in this collateral proceeding unless the movant can show cause for the default and actual prejudice, <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), or a fundamental miscarriage of justice. <u>Engle v. Isaac</u>,

---

[1] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

456 U.S. 107 (1982).

The movant, in this collateral proceeding, neither shows cause for failing to raise the issue on direct appeal nor does he show any actual prejudice as a result therefrom. Accordingly, the movant's claim is without merit. Notwithstanding, the claim will be addressed.

In his **sole claim**, the movant asserts the District Court violated his Due Process Rights when it increased his criminal history based on two prior withheld adjudications by the state court. (Cv-DE#1:5;Cv-DE#2). In support thereof, he cites to United States v. Rockman, wherein the effect of a nolo contendere plea without adjudication of guilt on the calculation of a defendant's criminal history category was considered. United States v. Rockman, 993 F.2d 811 (11th Cir. 1993). The Eleventh Circuit concluded, that where a court withholds adjudication the plea does not constitute a "prior sentence" under one section of the Federal Sentencing Guidelines, however, it does constitute a "diversionary disposition," and thus a prior sentence, under a different section.

The movant's PSI reflects that his criminal history was increased two points for a March 3, 2000 robbery charge and another two points for a July 19, 2000 grand theft and burglary charge. (PSI¶¶28,31). In both cases, although there was a judgment of guilt, adjudication was withheld after the movant entered nolo contendere pleas.

Although the movant is correct in that the Sentencing Guidelines define "prior sentence" as "any sentence previously imposed upon adjudication of guilt, where by guilty plea, trial or plea of nolo contendere, for conduct not part of the instant offense" and therefore not applicable to him, his claim remains

without merit as his prior convictions are applicable pursuant to the "diversionary disposition" section. U.S.S.G. §§4A1.2(a)(1) and 4A1.2(f).

Diversionary disposition resulting "from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered . . . ." Accordingly, pursuant to U.S.S.G. §4A1.1(c), one point is added to the criminal history points for each sentence not counted in (a) and (b). U.S.S.G. §4A1.1(c). As such, the movant's contended prior offenses are discretionary dispositions and therefore, he should be assessed one criminal history point for each of them.

Moreover, in United States v. Fernandez, the Eleventh Circuit considered such sentences for purposes of assessing criminal history points. United States v. Fernandez, 234 F. 3d 1345, 1345-47 (11th Cir. 2000)("Under the Sentencing Guidelines, an offense that resulted in a plea of nolo contendere with no adjudication of guilt is to be included in the criminal-history calculation of section governing determination of criminal history category.").

Notably, the PSI, pursuant to U.S.S.G. §4A1.1(b) assessed two points for each of the convictions, which appears to be a mistake. Rather, the PSI should have assessed one point for each of his convictions under U.S.S.G. §4A1.1(c), pursuant to U.S.S.G. §4A1.2(f). Accordingly, instead of nine criminal history points, the movant should have been assessed seven points. Notwithstanding, even with seven criminal history points, his criminal history category remains at IV and his sentencing imprisonment range would not have changed. Moreover, the District Court reduced the movant's

original sentence of 70 months to the statutory mandatory minimum of 60 months imprisonment. (Cr-DE#47). Since the movant is not eligible for safety valve, because he has more than one criminal history point, pursuant to U.S.S.G. §5C1.2(a)(1), it is impossible to further reduce his sentence below the mandatory minimum. As such, under these circumstances, the movant's claim is without merit.

## Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 6th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Frances Cherfils, Pro Se
    DC #B04672
    Moore Haven Correctional Facility
    P.O. Box 718501
    1900 East State Road 78 NW
    Moore Haven, FL 33471

    Anne Ruth Schultz, AUSA
    United States Attorney's Office
    99 NE 4th Street
    Miami, FL 33132

Susan R. Osborne, AUSA
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132